UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
UNITED STATES OF AMERICA

    -against-

LAWRENCE BRUCE,

                          Defendant.
-------------------------------------------X

17 Cr. 598-1 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/18

**Sweet, D.J.**

On September 29, 2017, Lawrence Bruce ("Bruce" or the "Defendant") pleaded guilty to one count of Firearms Trafficking, 18 U.S.C. § 922(a)(1). For the reasons set forth below, Bruce will be sentenced to 60 months' imprisonment, followed by 3 years of supervised release, subject to modification at the scheduled sentencing hearing on January 11, 2018. Bruce is also required to pay a special assessment of $100.

**Prior Proceedings**

On August 24, 2017, Bruce was charged in a two-count Complaint with firearms trafficking (Count One, 18 U.S.C. § 922(a)(1)) and being a felon in possession of a firearm (Count Two, 18 U.S.C. § 922(g)(1)). On September 29, 2017, Bruce

1

pleaded guilty to a one-count Information filed in the Southern District of New York (the "Information").

Count One of the Information charged that from June 2017, up to and including at least August 2017, in the Southern District of New York and elsewhere, Bruce illegally sold firearms in the Bronx, New York, in violation of 18 U.S.C. §§ 922(a)(1)(A), (a)(2).

On September 29, 2017, Bruce appeared before the Honorable James L. Cott and pleaded guilty to criminal conduct as charged in the Information.

Bruce was arrested on August 24, 2017, has been continuously detained since that date, and is scheduled to be sentenced on January 11, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C.

2

§ 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need for the sentence imposed—

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available;

   (4) the kinds of sentence and the sentencing range established for—

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

   (5) any pertinent policy statement [issued by the Sentencing Commission];

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all

3

the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to offense conduct. These facts are summarized below.

On June 6, 2017, at approximately 7:16 PM, a Facebook account used by Bruce (the "Bruce Account") send a recorded voice file to a Facebook account used by Isaiah Burke ("Burke") (the "Burke Account"), which stated: "I got a good 3-5-7 long nose joint, 350, full [inaudible] and some bullets loaded, so just holla at me for anything, I'm gonna send you a pic, just delete it when you get it though."

Approximately twenty minutes later that same day, the Burke Account messaged a reply back: "Kopy." One minute later, the

Bruce Account sent a picture of a Ruger .357 caliber long-barrel revolver (the "Firearm") to the Burke Account. The Firearm's serial number was readable in the picture, from which the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") determined that the Firearm was not manufactured in New York. After sending the picture of the Firearm, the Bruce Account messaged: "The 357 the other sale already."

On June 6, 2017, at approximately 7:34 PM, the Bruce Account sent an uncharged co-conspirator ("CC-1") a message: "357 full loaded 350 rite now." Approximately two minutes later, CC-1 responded: "How much." The Bruce Account responded: "350 I got it wit me now."

On June 11, 2017, the Burke Account messaged the Bruce Account: "U still got that."

On June 12, 2017, the Bruce Account and CC-1 messaged back and forth to indicate that Bruce still had a .357 caliber long-barrel revolver available to buy for $350. During the conversation, CC-1 also asked Bruce if Bruce had a bulletproof vest for sale and if Bruce had other firearms available. Bruce responded that he had a .32 caliber pistol for sale. CC-1 told Bruce that CC-1 was about "to go to war."

5

On July 4, 2017, the Burke Account again messaged the Bruce Account to ask: "U still got that?" Forty-five minutes later on July 4, the Bruce Account replied in a recorded message: "I dont [sic] have that anymore, I have some other shit on deck though." The Burke Account replied in two separate messages that same day: "[phone number]" and "Text me then."

**The Relevant Statutory Provisions**

For Count One, the maximum term of imprisonment is five years and the maximum fine is $250,000. 18 U.S.C. §§ 922(a)(1)(A), 3571(b). The offense is a Class D Felony. 18 U.S.C. § 3561(c)(1). The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Bruce is eligible for not less than one and not more than five years of probation, for which one of the following conditions must be imposed as a condition unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3561(c)(1).

A special assessment of $100 per count is mandatory. 18 U.S.C. § 3013(a)(2)(A). Restitution is not applicable in this case. 18 U.S.C. § 3663.

6

## The Guidelines

The Court adopts the guidelines calculation set forth in the Presentence Investigation Report. The November 1, 2016, edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all Guidelines amendments, has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

For Count One, the Guideline for a violation of 18 U.S.C. § 922(a)(1)(A) is U.S.S.G. § 2K2.1. Because the Defendant committed the instant offense subsequent to sustaining at least two felony convictions for a controlled substance offense, the base offense level is 24. U.S.S.G. § 2K2.1(a)(2).

As the Defendant engaged in the trafficking of firearms, the offense level is increased by four. U.S.S.G. § 2K2.1(b)(5).

Accordingly, the Count One subtotal is 28.

* * * *

Based on his plea allocution, Defendant has demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).

Defendant has also assisted authorities by timely notifying authorities on the intention to enter a guilty plea. Accordingly, the offense level is decreased by one level. U.S.S.G. § 3E1.1(b).

Therefore, Defendant's resulting adjusted offense level is 25.

* * * *

On December 7, 2010, Defendant was arrested and pleaded guilty in Bronx County Supreme Court to criminal sale of a controlled substance in the 3rd degree, crack cocaine, for which he was sentenced to one year of imprisonment and had his license suspended for six months. This conviction warrants two criminal history points. U.S.S.G. § 4A1.1(b).

On August 24, 2011, Defendant was arrested and pleaded guilty in the Southern District of New York to conspiracy to distribute and possess with intent to distribute crack cocaine,

for which he was sentenced to twenty months of imprisonment followed by three years of supervised release. This conviction warrants three criminal history point. U.S.S.G. § 4A1.1(a).

On October 5, 2015, Defendant was arrested and pleaded guilty in Bronx County Criminal Court to disorderly conduct, for which he was sentenced to one year conditional discharge. This conviction warrants zero criminal history points. U.S.S.G. § 4A1.2(c)(1).

The criminal convictions listed above result in a subtotal criminal history score of five, which establishes a criminal history category of III. U.S.S.G. Ch. 5, Pt. A.

\* \* \* \*

Based on a total offense level of 25 and a criminal history score of III, the Guidelines range for imprisonment is 70 to 87 months' imprisonment. However, as the statutorily authorized maximum of five years is less than the minimum of the application Guidelines range, the Guidelines term of imprisonment is 60 months. U.S.S.G. § 5G1.1(a).

9

If supervised release is sentenced, the Guidelines range is one to three years. U.S.S.G. § 5D1.2(a)(2) Defendant is ineligible for probation. U.S.S.G. § 5B1.1, cmt. 2.

The Guidelines fine range for this offense is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides a daily cost of $95, a monthly cost of $2,898, and an annual cost of $34,770 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in

10

18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in Crosby, 397 F.3d 103 (2d Cir. 2005). In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines, the factors set forth in § 3553(a), the Court will issue a Guidelines sentence.

**The Sentence**

For the instant offenses, Bruce shall be sentenced to 60 months' imprisonment, followed by 3 years of supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not unlawfully possess a controlled substance.

(3) Cooperate in the collection of DNA as directed by the probation officer.

The mandatory drug test condition is to be suspended because of the imposition of a drug treatment condition.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall submit his person, residence, place of business, vehicle, and any other property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol. Defendant must contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the PSR, to the substance abuse treatment provider.

(3) Defendant must participate in a cognitive behavioral treatment program under the guidance on supervision of the probation officer, until such time as Defendant is released from the program by the probation officer.

(4) Defendant must provide the probation officer with access to any requested financial information.

(5) Defendant is to be supervised by his district of residence.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), and pursuant to U.S.S.G. § 5E1.2(a), it does not appear that Bruce is able to pay a fine. Therefore, the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for January 11, 2018.

It is so ordered.

**New York, NY**
**January 5, 2018**

_____
ROBERT W. SWEET
U.S.D.J.